# EXHIBIT B

EXHIBIT B

Nicholas J. Ferraro (State Bar No. 306528)
Lauren N. Vega (State Bar No. 306525)
Xavier L. Woodford (State Bar No. 355326)
Ferraro Vega Employment Lawyers, Inc.
3333 Camino del Rio South, Suite 300
San Diego, California 92108
(619) 693-7727 main / (619) 350-6855 fax
nick@ferrarovega.com / lauren@ferrarovega.com
xavier@ferrarovega.com

*Attorneys for Plaintiff Jazmin Hernandez*

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego
12/19/2025 12:04:52 PM

Clerk of the Superior Court
By D. Donaldson ,Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN DIEGO

JAZMIN HERNANDEZ, on behalf of others similarly situated,

Plaintiffs,

vs.

ZILLOW, INC.; ZILLOW GROUP, INC.; and DOES 1 through 50, inclusive,

Defendants.

Case No. 25CU067939C

**Judge:**
**Department:**

**CLASS ACTION**

**CLASS ACTION COMPLAINT**

1. Failure to Pay All Wages Owed
2. Failure to Pay All Overtime Wages
3. Meal Period Violations
4. Rest Period Violations
5. Paid Sick Leave Violations
6. Untimely Payment of Wages
7. Wage Statement Violations
8. Waiting Time Penalties
9. Failure to Reimburse Business Expenses
10. Unfair Competition
11. Unlawful Employment Condition

Action Filed:

Plaintiff JAZMIN HERNANDEZ, on behalf of all others similarly situated ("Plaintiff") brings this CLASS ACTION COMPLAINT against Defendants ZILLOW, INC.; ZILLOW GROUP, INC.; and DOES 1 through 50, inclusive (collectively "Defendants"), alleging as follows:

## INTRODUCTION

1. This is a class action filed for wage and hour violations of the California Labor Code.

2. Defendants underpaid overtime, paid sick leave, and premiums by failing to include all forms of remuneration in the regular rate of pay calculations.

3. Defendants failed to pay Plaintiff and the class members all minimum and overtime wages due to unlawful policies and practices of requiring off-the-clock work.

4. Defendants failed to provide, authorize, and/or permit Plaintiff and the class members to take all meal and rest periods to which they were entitled.

5. Defendants failed to reimburse Plaintiff and the class members for using their personal cell phones, internet, and office supplies to complete work-related duties.

6. Defendants violated California Labor Code section 432.5 by requiring that Plaintiff and the class members sign non-competition agreements prohibited by California law.

7. Defendants' employment policies, practices, and payroll administration systems enabled and facilitated these violations on a company-wide basis with respect to class members.

8. Plaintiff seeks to recover the underpaid damages, plus associated penalties, interests, attorney's fees and costs.

## JURISDICTION & VENUE

9. Jurisdiction of this action is proper in this Court under Article VI, Section 10 of the California Constitution as the causes of action are premised upon violations of California law.

10. The monetary damages and restitution sought exceed the minimal jurisdiction limits of the Superior Court.

11. This Court has jurisdiction over Defendants because, upon information and belief, Defendants have sufficient minimum contacts in California, or otherwise intentionally avail themselves to the California economy so as to render the exercise of jurisdiction over them by the California courts consistent with traditional notions of fair play and substantial justice.

12. Venue is proper in this Court under Code of Civil Procedure sections 393(a), 395, and/or 395.5 because, upon information and belief, Defendants conducted business and committed some of the alleged violations in this County.

## PARTIES

**Plaintiff Jazmin Hernandez**

13. Plaintiff Hernandez is an individual over 18 years of age who worked for Defendants in California as a non-exempt employee from about April 1, 2024 to December 2, 2024. Plaintiff worked as a Sales Executive.

**Defendants**

14. Defendant Zillow, Inc. is a Washington corporation that maintains operations and conducts business throughout the State of California, including in this county.

15. Defendant Zillow Group, Inc. is a Washington corporation that maintains operations and conducts business throughout the State of California, including in this county.

16. The true names and capacities, whether individual, corporate, or otherwise, of the parties sued as DOES 1 through 50, are presently unknown, unascertainable, or uncertain, and are sued by such fictitious names under Code of Civil Procedure section 474. Upon information and belief, each of DOES 1 through 50 constitutes a legal employer or is otherwise legally responsible in some manner for the acts and omissions alleged herein. This Complaint may be amended to reflect their true names and capacities once ascertained.

17. Upon information and belief, Defendants in this action are employers, co-employers, joint employers, and/or part of an integrated employer enterprise, as each of the Defendants exercised control over the wages, hours, and working conditions of the employees, suffered and permitted them to work, and otherwise engaged them as employees under California law.

18. Upon information and belief, at least some of the Defendants have common ownership, common management, interrelationship of operations, and centralized control over labor relations and are therefore part of an integrated enterprise and thus jointly and severally responsible for the acts and omissions alleged herein, including pursuant to Labor Code sections 558, 558.1, and 1197.1.

19. Upon information and belief, Defendants acted in all respects pertinent to this action as an alter-ego, agent, servant, joint employer, joint venturer, co-conspirator, partner, in an integrated enterprise, or in some other capacity on behalf of all other co-defendants, such that the acts and omissions of each defendant may be legally attributable to all others.

## **CLASS ALLEGATIONS**

20. This action is brought individually and on behalf of the following class pursuant to Code of Civil Procedure section 382:

a. All current and former non-exempt employees who worked for Defendants in California at any time from four years prior to the filing of this action through date of class certification.

21. Plaintiff reserves the right to establish various subclass definitions as appropriate at the class certification stage, according to proof.

22. The class is ascertainable and shares a well-defined community of interest in this litigation:

a. Numerosity: The class is estimated to exceed 50 individuals, although the precise membership of the entire class is unknown at this time. The class is so

numerous that joinder of all class members is impracticable. The identities of class members are ascertainable by inspection of Defendants' employment and payroll records.

b. Typicality: Plaintiff's claims are typical of the claims of the other class members. They were subject to the same policies and practices of Defendants, which resulted in losses to the class. Proof of common unlawful business practices, which Plaintiff experienced, will establish the right of the class to recover on the causes of action alleged herein.

c. Adequacy: Plaintiff is an adequate class representative; will take all necessary steps to protect the class members' interests adequately and fairly; has no interest antagonistic to other class members; and is represented by attorneys who have substantial experience prosecuting, defending, resolving, and litigating wage and hour class, collective, and representative actions in California state and federal courts.

d. Superiority: A class action is superior to other means for adjudicating this dispute. Individual joinder is impractical. Class treatment will allow for common issues to be resolved in a single forum, simultaneously, and without duplication of effort and expense.

e. Public Policy Considerations: Certification of this lawsuit as a class action advances the State of California's strong public interest in ensuring its approximately millions of employed residents are properly paid the wages they earned for the hours they worked. Class actions provide a mechanism for enforcement of labor laws and allow for vindication of employee rights by unnamed class members.

23. Common questions of law and facts as to the class members predominate over questions affecting only individual members. The common questions of law and fact exist as to whether the employment policies and practices formulated by Defendants and applied to the class members constitute violations of California law.

## GENERAL ALLEGATIONS

24. Plaintiff and the class members worked for Defendants as non-exempt employees and were compensated on an hourly basis.

25. Defendants failed to pay Plaintiff and the class members at the lawful minimum wage rate for all hours worked, resulting in unpaid minimum wages. Specifically, Defendants engaged in an unlawful policy and practice of requiring Plaintiff and the class members to complete work while off-the-clock, without compensation.

26. First, Defendants required Plaintiff and the class members to answer phone calls, reach out to clients, respond to emails, watch educational videos, and attend meetings while off-the-clock. Plaintiff also received phone calls after her 8-hour shift had ended but was required to continue working off-the-clock. For example, Plaintiff worked from 6:30 a.m. to 8:00 p.m. and had clocked out for the day at 5:00 p.m. after her shift had ended and was never compensated for her off-the-clock work. Therefore, Defendants failed to compensate Plaintiff and the class members for all hours worked. Plaintiff is informed and believes that Defendants engaged in the same practice with respect to other class members.

27. Second, due to high demands of the job and understaffing, Plaintiff and the class members routinely experienced interrupted or otherwise non-compliant meal periods. For example, Plaintiff and, on information and belief, other class members continued working during their unpaid meal periods because they would be required to receive and respond to phone calls and text messages.

28. Defendants failed to retroactively input the hours Plaintiff, and the class members spent working while off-the-clock and otherwise compensate Plaintiff and the class members for their time. Due to this unlawful practice of failing to pay for off-the-clock work, all hours were not directly compensated, resulting in the underpayment of regular and overtime wages to Plaintiff and the class members. Each time Plaintiff and the class members worked through their unpaid meal period of otherwise engaged in off-the-clock work, this resulted in unpaid hours worked.

29. Defendants failed to pay Plaintiff and the class members overtime wages and the lawful rate of pay for overtime hours worked, resulting in unpaid overtime wages.

30. First, as stated above, Defendants forced Plaintiff and the class members to work off-the-clock, without compensation. Thus, when Plaintiff and the class members worked more than 8 hours a day or more than 40 hours in one week, these practices resulted in unpaid overtime wages.

31. Second, Defendants failed to pay overtime and double time at the "regular rate of pay." Defendants paid Plaintiff and the class members' bonuses, incentives, and other forms of remuneration that Defendants failed to include in the overtime and double time rates in the pay periods when employees worked overtime hours.

32. Defendants unlawfully paid overtime to Plaintiff and the class members at 1.5x their straight hourly rate. For each overtime hour worked during the period in which Plaintiff and the class members earned the additional forms of remuneration, Defendants should have (but failed to) pay overtime "at a rate no less than one and one-half times the regular rate of pay for an employee" and "twice the regular rate of pay" for double time hours as required by the plain language of Labor Code section 510(a) and the IWC Wage Orders.

33. An illustrative example of Defendants' regular rate of pay violation as it pertains to overtime is shown in Plaintiff's wage statement for the pay period of 07/25/2024 to 08/08/2024. During this pay period, Plaintiff earned a bonus ("Referral") of $1,000.00 and an incentive

("AwardCo") of $100.00 that was not factored into Plaintiff's overtime rate. Instead, Plaintiff was paid at a rate of 1.5x the base hourly rate of $30.00, rather than 1.5x the regular rate of pay which would have factored in the $1,000.00 bonus and $100.00 incentive. To the extent other class members earned bonuses, incentives, and other forms of remuneration each must be factored into the regular rate of pay during the statutory period, Defendants violated the Labor Code accordingly.

34. Defendants failed to comply with California's paid sick leave laws with respect to the class members. Defendants failed to provide Plaintiff and the class members with all sick leave accrued. Plaintiff and the class members worked off-the-clock and overtime hours that were not accounted for when calculating an employee's accrued paid sick leave. Therefore, Plaintiff and other class members were not awarded the total accrued sick leave time they had earned.

35. To the extent that Plaintiff and the class members took paid sick leave in the same pay period they earned bonuses or additional remuneration, based on Defendants' failure to pay overtime and premiums at the regular rate of pay, Plaintiff alleges and believes, Defendants failed to pay paid sick leave at the regular rate of pay.

36. As stated above, Defendants failed to provide compliant meal periods. For example, Plaintiff routinely experienced interrupted meal periods because she was required to take phone calls, answer texts messages, attend meetings and trainings while on her meal period. Plaintiff and the class members were specifically told to "do everything they can to hit quota" regardless of if they were on their meal period. When Defendants failed to provide compliant meal periods, Defendants failed to pay Plaintiff and the class members all meal period premiums, in violation of Labor Code section 226.7.

37. Second, to the extent that Defendants paid meal period premiums, Defendants failed to pay Plaintiff and other class members a meal period premium at the "regular rate of compensation"

because premiums paid did not factor in all forms of remuneration including incentives, bonuses, and/or other forms of remuneration, instead electing to pay class members at their base hourly rate.

38. An illustrative example of Defendants' regular rate of pay violation as it pertains to meal premiums is shown in Plaintiff's wage statement for the pay period of 07/25/2024 to 08/08/2024. During this pay period, Plaintiff earned a bonus ("Referral") of $1,000.00 and an incentive ("AwardCo") of $100.00 that was not factored into Plaintiff's meal period premium rate ("Meal Break"). Instead, Plaintiff was paid at her base hourly rate of $30.00, for all meal period premiums. Defendants committed the same regular rate violation against the other class members as a matter of common payroll administration and company policy in a matter susceptible to common proof.

39. Similarly to the above Plaintiff often experienced interrupted rest periods. Defendants maintained the unlawful policy and practice of prohibiting Plaintiff and the class members from taking their compliant rest periods and failing to pay rest period premiums for interrupted rest periods.

40. Specifically, Plaintiff suffered non-compliant rest periods due to the pressures from management to keep up with quotas. Thus, Defendants failed to provide all rest periods to which employees were entitled and failed to pay rest period premiums to Plaintiff and the class members. To the extent Defendants ever paid a rest period premium, Defendants violated Labor Code section 226.7 because such premiums were not paid at the "regular rate of compensation" to Plaintiff and the class members, which should have factored in bonuses and other forms of non-excludable remuneration.

41. Defendants required Plaintiff and the class members to incur costs for work-related purposes without full reimbursement. In direct consequence of their job duties, Plaintiff and the class members unavoidably and necessarily incurred these losses, expenditures, costs, and as a matter of policy and practice.

42. Defendants required Plaintiff and the class members to use their personal cellphones and internet to contact clients while working from home. However, Defendants did not reimburse

Plaintiff and the class members for expenses incurred from using their cellphones and internet for work-related purposes. For example, Defendants required Plaintiff and the class members to use their personal cell phones and download an app called "Slack" to communicate with the team and to meet quotas.

43. Further, Plaintiff and the class members were required to use and purchase office supplies such as sticky notes and headphones. However, Defendants did not reimburse Plaintiff or the class members for cost incurred from purchasing these office supplies for work-related purposes.

44. Defendants required that Plaintiff and the class members sign non-competition agreements restricting their ability to accept certain work on behalf of themselves or other employers. As such, Defendants violated California Labor Code section 432.5 by requiring that Plaintiff and the class members sign non-competition agreements prohibited by California law.

45. Defendants required Plaintiff and class members to sign a non-competition agreement detailing that Plaintiff and class members are prohibited from affiliation or employment with any competing business within a restricted territory during employment. This is an unlawful employment condition and restraint on Plaintiff's and class members' professions. Below is an excerpt of the 4.3 non-competition from the Propriety Rights Agreement that Plaintiff was required to sign on March 15, 2024:

> **4.3 Non-Competition.** In consideration for my employment with the Company and other valuable consideration, I agree that, during the period of my employment with the Company, I will not, within the Territory or for the benefit of a Competing Business's operations within the Territory, directly or indirectly, engage in, be employed by, perform services for, participate in the ownership, management, control or operation of, or otherwise be connected with, any Competing Business, in a capacity that is the same as or similar to the capacity in which I performed services for the Company during the Look Back Period or any such other capacities that would result in the use or disclosure of Confidential Information. I acknowledge and agree that engaging in conduct while employed that violates this Section 4.3 would create a conflict of interest with the Company. For purposes of this paragraph, I will not be considered to be connected with any Competing Business solely on account of: my ownership of less than five percent of the outstanding capital stock or other equity interests in any Person carrying on the Competing Business. The Company, in its sole discretion, may determine to waive the noncompetition provisions of this Section 4.3 in whole or in part. Any such waiver shall not constitute a waiver of any noncompetition or forfeiture provisions of any other agreement between the Company and me. **I acknowledge that I have read Appendix A of this Agreement and understand that the applicability of this Section may be limited and / or may be subject to change, depending on the location of my work.**

46. These violations create derivative liability for failure to timely pay all wages owed each payday or upon separation of employment

47. Defendants failed to provide accurate itemized wage statements to the class members each pay period as a result of the policies and practices set forth in this notice. Defendants violated Labor Code section 226(a)(1) and (5) by not listing the correct “gross wages earned” or “net wages earned,” as the employees earned wages and premiums that were not paid, resulting in an inaccurate reflection, and recording of “gross wages earned” on those wage statements.

48. Likewise, in violation of Labor Code section 226(a)(9), Defendants failed to state on employee wage statements each pay period the applicable hourly rates in effect and the number of hours worked at that rate, as Defendants failed to pay all wages and premiums owed to employees. The amounts stated are instead depreciated and underpaid, resulting in an inaccurate reflection on the pay stub.

49. Defendants violated Labor Code section 226(a)(2) by failing to accurately list employees’ “total hours worked,” as the wage statements did not accurately include the uncompensated time Plaintiff and other class members worked due to Defendants’ policy and practice of requiring employees to work off-the-clock.

50. Plaintiff and other class members cannot promptly and easily determine from the wage statement alone the wages paid or earned without reference to other documents or information. Indeed, these wage statement violations are significant because they sow confusion among Plaintiff and other class members with respect to what amounts were owed and paid, at what rates, the number of hours worked, and how those amounts were or should be calculated. The wage statements reflect a false statement of earnings and concealed the underlying problems and underpayments of employee wages.

51. Because of these policies and practices set forth above, Defendants failed to accurately maintain records in accordance with Labor Code section 1174 and the IWC Wage Orders.

## FIRST CAUSE OF ACTION

**FAILURE TO PAY ALL WAGES OWED**

**Violation of Labor Code §§ 200, 218, 1194, 1194.2 and 1197**

**(All Claims Alleged by Plaintiff and Class Members Against All Defendants)**

52. All outside paragraphs of this Complaint are incorporated into this section.

53. This cause of action is brought pursuant to the IWC Wage Orders and Labor Code §§ 200, 218, 1182.12, 1194, 1194.2, 1197, 1197.1 and 1198 and the IWC Wage Orders (the "Hours and Days of Work" and "Minimum Wages" sections of the applicable orders), which require non-exempt employees be timely paid at least the state or local minimum wage (if higher) for each hour of work, and further provide a private right of action for an employer's failure to pay all minimum wages (plus liquidated damages). In addition to minimum wages, Labor Code § 200 states that "'wages' includes all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis, or other method of calculation."

54. Defendants willfully failed in their affirmative obligation to pay Plaintiff and class members at least the lawful minimum wage for each hour worked in violation of Labor Code sections 1182.12, 1194, 1194.2, 1197, 1197.1 and 1198 and the IWC Wage Orders (the "Hours and Days of Work" and "Minimum Wages" sections of the applicable orders), including payment at the lawful local and county minimum wage ordinances in effect. As a result, Defendants are liable for all associated damages, including liquidated damages for the minimum wage violations pursuant to Labor Code § 1194.2.

55. Defendants' unlawful acts and omissions deprived Plaintiff and class members of minimum, regular and overtime wages in amounts to be determined at trial. Plaintiff and class members are entitled to recover the full amount of the unpaid wages, plus liquidated damages in an

amount equal to the wages unlawfully unpaid (and interest thereon), in addition to interest, attorneys' fees, and costs to the extent permitted by law, including under Labor Code sections 1194 and 1194.2, 218.6 and any other applicable statutes.

## <u>SECOND CAUSE OF ACTION</u>

## FAILURE TO PAY ALL OVERTIME WAGES

### Violation of Labor Code §§ 510 and 1194

56. All outside paragraphs of this Complaint are incorporated into this section.

57. This cause of action is brought pursuant to the IWC Wage Orders and Labor Code §§ 204, 510, 558, 1194, and 1198, which require non-exempt employees be timely paid overtime wages all overtime hours worked, and which further provide a private right of action for an employer's failure to pay all overtime compensation for overtime hours worked.

58. Defendants failed in their affirmative obligation to pay Plaintiff and class members no less than one and one-half times their respective "regular rate of pay" for all hours worked in excess of eight hours in one day, 40 hours in one week, or the first eight hours worked on the seventh day of work in any one workweek, and no less than twice their respective "regular rate of pay" for all hours over 12 hours in one day and any work in excess of eight hours on any seventh day of a workweek for such hours worked, in violation of Labor Code sections 204, 510, 558, 1194, and 1198 and the IWC Wage Orders (the "Hours and Days of Work" sections of the applicable orders).

59. Plaintiff and class members are entitled to recover the full amount of the unpaid overtime, in addition to interest, statutory and civil penalties, and attorneys' fees, and costs to the extent permitted by law.

## THIRD CAUSE OF ACTION

## MEAL PERIOD VIOLATIONS

### Violation of Labor Code §§ 226.7 and 512

60. All outside paragraphs of this Complaint are incorporated into this section.

61. This cause of action is brought pursuant to the IWC Wage Orders and Labor Code §§ 226.7, 558 and 512, which require non-exempt employees be provided complaint meal periods (or meal period premiums in lieu thereof), and which further provide a private right of action for an employer's failure to lawfully provide all meal periods and/or pay meal period premiums at the lawful regular rate of compensation.

62. Defendants willfully failed in their affirmative obligation to consistently provide Plaintiff and class members compliant, duty-free meal periods of not less than 30 minutes beginning before the fifth hour of hour for each work period of more than five hours per day and a second duty-free meal period of not less than 30 minutes beginning before the tenth hour of hour of work in violation of Labor Code sections 226.7, 512, 558, 1198 and the IWC Wage Orders (the "Meal Periods" sections of the applicable orders).

63. Further, Defendants willfully failed in their affirmative obligation to consistently pay Plaintiff and class members one additional hour of pay at the respective regular rate of compensation for each workday that a fully compliant meal period was not provided, in violation of Labor Code sections 226.7, 512, 558, and 1198 and the IWC Wage Orders (the "Meal Periods" sections of the applicable orders).

64. Plaintiff and class members are entitled to recover the full amount of the meal period premiums owed, in addition to interest, statutory and civil penalties, and attorneys' fees, and costs to the extent permitted by law.

## FOURTH CAUSE OF ACTION

**REST PERIOD VIOLATIONS**

**Violation of Labor Code §§ 226.7 and 516**

65. All outside paragraphs of this Complaint are incorporated into this section.

66. This cause of action is brought pursuant to the IWC Wage Orders and Labor Code §§ 226.7 and 516, which require non-exempt employees be authorized to take complaint rest periods (or rest period premiums in lieu thereof), and which further provide a private right of action for an employer's failure to lawfully provide all rest periods and/or pay rest period premiums at the lawful regular rate of compensation.

67. Defendants willfully failed in their affirmative obligation to consistently authorize and permit Plaintiff and class members to receive compliant, duty-free rest periods of not less than ten (10) minutes for every four hours worked (or major fraction thereof) in violation of Labor Code sections 226.7, 516, 558, and 1198 and the IWC Wage Orders (the "Rest Periods" sections of the applicable orders).

68. Further, Defendants willfully failed in their affirmative obligation to consistently pay Plaintiff and class members one additional hour of pay at the respective regular rate of compensation for each workday that a fully compliant rest period was not provided, in violation of Labor Code sections 226.7, 516, 558, and 1198 and the IWC Wage Orders.

## FIFTH CAUSE OF ACTION

**FAILURE TO PAY ALL PAID SICK LEAVE WAGES**

**Violation of Labor Code §§ 200, 218, 246 *et seq.***

69. All outside paragraphs of this Complaint are incorporated into this section.

70. Defendants knowingly and intentionally failed in their affirmative obligation to pay sick leave wages to Plaintiff and a paid sick leave subclass in violation of Labor Code section 246

*et seq.* Paid sick leave earnings constitute wages for purposes of California wage and hour law. (*Murphy v. Kenneth Cole Productions, Inc.* (2007) 40 Cal.4th 1094, 1103 ["Courts have recognized that 'wages' also include those benefits to which an employee is entitled as a part of his or her compensation, including money, room, board, clothing, vacation pay, and sick pay"].)

71. Labor Code section 246(l), in conjunction with Labor Code section 248 *et seq.,* 248.1, 248.2, and 248.6, in addition to the applicable County sick pay ordinances in locales worked by class members, govern how Defendants were required to calculate paid sick leave.

72. Defendants failed to pay Plaintiff and class members their paid sick leave wages at one of the lawful rates set forth in the statute or ordinance because Defendants failed to include in their sick leave calculation the additional remuneration received by Plaintiff and class members (i.e., at the regular rate of pay and/or calculated based on total wages earned).

73. Furthermore, to the extent the paid sick leave paid constitutes Covid-related paid sick leave, Defendants knowingly and intentionally failed in their affirmative obligation to pay Covid-19 Supplemental Sick Leave wages to class members at the correct accrual rate or hourly pay rate in violation of Labor Code sections 246, 248.1, 248.2, and 248 *et seq.*

74. As a result, Defendants violated the Labor Code and are liable to Plaintiff and class members for underpaid sick leave wages, in addition to interest, attorneys' fees, and costs.

**<u>SIXTH CAUSE OF ACTION</u>**

**UNTIMELY PAYMENT OF WAGES**

**Violation of Labor Code §§ 204, 210, 218**

75. All outside paragraphs of this Complaint are incorporated into this section.

76. This cause of action is brought pursuant to the IWC Wage Orders and Labor Code §§ 204, 204b, and 210 which require non-exempt employees be timely paid all wages owed each pay period, and which further provide a private right of action for an employer's failure to comply with

this obligation. Labor Code § 218 authorizes individuals to sue directly for wages and penalties due under these sections, including Labor Code § 210(c)'s statutory late payment penalties.

77. Defendants willfully failed in their affirmative obligation to timely pay all wages, including paid sick leave and meal and rest premiums, earned by Plaintiff and class members twice during each calendar month on days designated in advance by the employer as regular paydays (for employees paid on a non-weekly basis) and on the regularly-scheduled weekly payday for weekly employees, if any, in violation of Labor Code sections 204 and 204b and the IWC Wage Orders (the "Minimum Wages" sections of the applicable orders).

78. Plaintiff and class members are entitled to recover the full amount of the unpaid wages, in addition to a statutory penalty in the amount of $100 for the initial violation for each failure to pay each employee and $200 for all subsequent violations and for all willful or intentional violations for each failure to pay each employee, plus 25 percent of the amount unlawfully withheld under provided in Labor Code § 210, in addition to interest, attorneys' fees, and costs to the extent permitted by law.

## <u>SEVENTH CAUSE OF ACTION</u>

## WAGE STATEMENT VIOLATIONS

### Violation of Labor Code § 226

79. All outside paragraphs of this Complaint are incorporated into this section.

80. This cause of action is brought by a wage statement subclass pursuant to Labor Code § 226(a) which requires non-exempt employees be provided accurate itemized wage statements each pay period, and which further provide a private right of action for an employer's failure to comply with this obligation.

81. Defendants knowingly and intentionally failed in their affirmative obligation to provide accurate itemized wage statements to Plaintiff and class members resulting in injury to Plaintiff and

class members. Specifically, the wage statements issued to Plaintiff and class members did not accurately state each pay period all of the information required by Labor Code § 226(a)(1)-(9).

82. Defendants' unlawful acts and omissions deprived Plaintiff and class members of accurate itemized wage statements, causing confusion and concealing wage and premium underpayments.

83. As a result, Plaintiff and class members are entitled to recover the statutory penalty of $50 per employee for the initial pay period in which a violation occurred and $100 per employee for each violation in a subsequent pay period, up to an aggregate penalty of $4,000 per employee, in addition to interest, attorneys' fees, and costs to the extent permitted by law, including under Labor Code section 226(e).

**EIGHTH CAUSE OF ACTION**

**WAITING TIME PENALTIES**

**Violation of Labor Code §§ 201 *et seq*.**

84. All outside paragraphs of this Complaint are incorporated into this section.

85. This cause of action is brought by a waiting time subclass pursuant to Labor Code §§ 201 through 203, which require an employer to timely pay all wages earned upon termination of employment, and which further provide a private right of action to recover statutory waiting time penalties each day an employer fails to comply with this obligation, up to a maximum of 30 days wages.

86. Defendants willfully failed and continue to fail in their affirmative obligation to pay all wages earned and unpaid to Plaintiff and class members immediately upon termination of employment or within 72 hours thereafter for employees who did not provide at least 72 hours prior notice of his or her intention to quit, and further failed to pay those sums for 30 days thereafter in violation of Labor Code sections 201 through 203 and the IWC Wage Orders.

87. Plaintiff and class members are entitled to recover a waiting time penalty for a period of up to 30 days, in addition to interest, attorneys' fees, and costs to the extent permitted by law.

**NINETH CAUSE OF ACTION**

**FAILURE TO REIMBURSE BUSINESS EXPENSES**

**Violation of Labor Code § 2802**

88. All outside paragraphs of this Complaint are incorporated into this section.

89. Defendants willfully failed in their affirmative obligation to reimburse Plaintiff and a reimbursement subclass for all necessary expenditures, losses, expenses, and costs incurred by them in direct discharge of the duties of their employment, in violation of Labor Code section 2802.

90. Defendants' unlawful acts and omissions deprived Plaintiff and class members of lawful reimbursements for business expenses in amounts to be determined at trial. Plaintiff and class members are entitled to recover the amount unreimbursed expenses of Plaintiff and class members in addition to interest, attorneys' fees, and costs to the extent permitted by law, including under Labor Code section 2802.

**TENTH CAUSE OF ACTION**

**UNFAIR COMPETITION**

**Violation of Business and Professions Code §§ 17200 *et seq.***

91. All outside paragraphs of this Complaint are incorporated into this section.

92. Defendants have engaged and continue to engage in unfair and/or unlawful business practices in the State of California in violation of California Business and Professions Code § 17200 by committing the foregoing wage and hour violations alleged throughout this Complaint.

93. Defendants' dependence on these unfair and/or unlawful business practices deprived Plaintiff and continue to deprive other class members of compensation to which they are legally entitled, constitutes unfair and/or unlawful competition, and provides an unfair advantage to

Defendants over competitors who have been and/or are currently employing workers in compliance with California's wage and hour laws. These failures constitute unlawful, deceptive, and unfair business acts and practices in violation of Business and Professions Code section 17200 *et seq.*

94. Plaintiff is a victim of Defendants' unfair and/or unlawful conduct alleged in this Complaint, and Plaintiff, as an individual and on behalf of others similarly situated, seeks full restitution of the moneys as necessary and according to proof to restore all monies withheld, acquired, and/or converted by Defendants pursuant to Business and Professions Code §§ 17203 and 17208.

95. Plaintiff does not have an adequate remedy at law for past or future violations, to the extent the statute of limitations on each of the alleged causes of action do not extend to the four year limitation provided under the UCL or to the extent the underlying Labor Code and IWC Wage Order violations do not provide a private right of action.

96. Plaintiff and class members are entitled to injunctive relief against Defendants, restitution, and other equitable relief to return all funds over which Plaintiff and class members have an ownership interest and to prevent future damage and the public interest under Business and Professions Code § 17200 *et seq.* Plaintiff and class members are further entitled to recover interest, attorneys' fees, and costs to the extent permitted by law, including under Code of Civil Procedure § 1021.5.

**ELEVENTH CAUSE OF ACTION**

**UNLAWFUL EMPLOYMENT CONDITION**

**Violation of Labor Code § 432.5 and Business and Professions Code 16600 *et seq*.**

97. All outside paragraphs of this Complaint are incorporated into this section.

98. Labor Code section 432.5 states that "[n]o employer, or agent, manager, superintendent, or officer thereof, shall require any employee or applicant for employment to agree,

in writing, to any term or condition which is known by such employer, or agent, manager, superintendent, or officer thereof to be prohibited by law."

99. Non-competition agreements are illegal under California law.

100. Business and Professions Code section 16600 provides that "every contract by which anyone is restrained from engaging in a lawful profession, trade, or business of any kind is to that extent void."

101. Business and Professions Code section 16600.5(c) provides that an "employer shall not enter into a contract with an employee or prospective employee that includes a provision that is void…," i.e., a non-competition clause.

102. A violation of section 16600.5(c) "constitutes an act of unfair competition," as outlined in section 16600.1(c).

103. Under Business and Professions Code section 16600.5(d), an employer who requires employees to agree to non-competition clauses or agreements commits a civil violation.

104. Defendants willfully violated Labor Code section 432.5 and Business and Professions Code section 16600 et seq. by requiring Plaintiff and the class members to sign non-competition agreements prohibited by California law.

105. Section 16600.5(e) provides a private right of action for Plaintiff and class members to enforce the foregoing provisions and obtain injunctive and monetary relief as well as attorneys' fees and costs.

## PRAYER

Plaintiff prays for judgment as follows:

a. For certification of this action as a class action;

b. For appointment of Plaintiff as the class representative;

c. For appointment of above-captioned counsel for Plaintiff as Class Counsel;

d. For division of class members into appropriate classes and/or subclasses according to proof;

e. For recovery of all statutory penalties and liquidated damages;

f. For disgorgement of all amounts wrongfully obtained to the extent permitted by law;

g. For restitution and injunctive relief;

h. For attorneys' fees and costs of suit, including expert fees, to the extent permitted by law, including (without limitation) under Labor Code §§ 218.5, 226, 1194, 2802 and Code of Civil Procedure § 1021.5.;

i. For recovery of damages in amount according to proof;

j. For all recoverable pre- and post-judgment interest; and

k. For such other relief the Court deems just and proper.

Dated: December 19, 2025

***Ferraro Vega Employment Lawyers, Inc.***

*Xavier L. Woodford*

Xavier L. Woodford
Nicholas J. Ferraro
*Attorneys for Plaintiff Jazmin Hernandez*